UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEVETTE WASHINGTON,<br>Plaintiff,<br>v.<br>AMAPOLA OBRERA, et al.,<br>Defendants. | Case No. 26-cv-00107-WHO<br><br>**ORDER RE NOTICE AND MOTION FOR ADMINISTRATIVE ACCOMMODATIONS**<br><br>Re: Dkt. No. 17 |

Plaintiff Jason Levette Washington, proceeding pro se, has filed a notice to inform this Court of obstacles to his ability to manage litigation tasks and access the electronic filing system and a motion for accommodations. Dkt. No. 17. I GRANT his request to file and access documents on the docket electronically and to appear at case management conferences and hearings remotely. That said, because his complaint fails to state a claim, I DISMISS it under 28 U.S.C. § 1915 with leave to amend within 60 days. And because defendants have not been served, I direct Washington to provide the Court with sufficient identifying information for the U.S. Marshal to effectuate service (or to effectuate service himself) within 60 days as well.

**BACKGROUND**

Washington commenced this action by filing a complaint, bringing claims for (1) conspiracy to interfere with civil rights, under 42 U.S.C. § 1985; (2) defamation; and (3) violation of Washington's First Amendment and Fifth Amendment rights, under 42 U.S.C. § 1983. Compl. at 7–8. He alleges that defendants Amapola Obrera, Kevin Cockerham, and Michelle Gonzales, all Frick Junior High School employees, conspired to submit false allegations against him to the Superior Court of Alameda County in order to obtain a restraining order against him. *Id.* at 3–5, 7–8. Alameda County Sheriff's Office deputies allegedly arrested him for

United States District Court
Northern District of California

United States District Court
Northern District of California

violating the restraining order and confiscated his Team: Lord Jesus Christ, Youth Ministries property. *Id.* at 6.

His motion for leave to proceed in forma pauperis was granted and the U.S. Marshal was ordered to serve the complaint upon defendants. Dkt. No. 6. However, Washington did not provide addresses at which defendants could be served, and summons were returned unexecuted. *See* Dkt. No. 13 (Oakland Unified School District personnel not authorized to accept service of legal documents on behalf of individual defendant employees). After Washington failed to appear in two case management conferences, Dkt. Nos. 11, 15, I issued an order to show cause why this case should not be dismissed for failure to prosecute and noted that such order may be expunged if he "explain[s] why he has failed to appear at the Case Management Conferences and include[es] information on where to serve the defendants personally." Dkt. No. 16.

## DISCUSSION

## I. MOTION FOR ADMINISTRATIVE ACCOMMODATIONS

In the notice and motion before me, Washington provides some explanation for his failure to appear. He asserts that his government-issued identification documents and litigation files were converted, inhibiting his ability to register for electronic filing and physically enter the courthouse. *See* Dkt. No. 17 at 2–3. He also expresses "his active [i]ntent to litigate this matter." *Id.* at 6. In light of the obstacles to his ability to enter the courthouse, Washington may register to become an ECF user and may file documents in this case electronically.[1] He may also appear for case management conferences and hearings by Zoom, which is this Court's default practice, or by telephone if necessary.[2]

## II. SCREENING OF THE COMPLAINT

I also screen the complaint pursuant to section 1915. 28 U.S.C. § 1915. When a district

[1] The Northern District of California provides CM/ECF registration instructions for pro se litigants on its website: https://cand.uscourts.gov/cases-e-filing/cmecf-information/setting-your-cmecf-account.

[2] Instructions for appearing by Zoom or telephone are on my website: https://cand.uscourts.gov/judges/who/orrick-william-h. As indicated there, if he seeks to appear by telephone, he must contact the Courtroom Deputy at least one business day before the hearing.

court grants in forma pauperis status, it must screen the complaint and dismiss the action if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). The court must therefore take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff. *Id.* The court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* But the court may not supply essential elements of the claim that were not initially pleaded. *Wallace v. John Stewart Co.*, No. 25-CV-04433-WHO, 2026 WL 2521842, at *3 (N.D. Cal. Aug. 26, 2026).

The complaint fails to state a claim. The conduct at the heart of this lawsuit is defendants' submission of false testimony in a state court proceeding to obtain a restraining order against Washington. *See* Compl. at 7–8. However, California's litigation privilege covers communications made in judicial proceedings, such as this testimony, so Washington's defamation claim is barred. *See Youngevity Int'l Corp. v. Andreoli*, 749 F. App'x 634, 635 (9th Cir. 2019).

Washington also fails to allege facts that support a plausible section 1985(3) claim or section 1983 claim. "Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Under his third cause of action, Washington alleges that defendants violated (1) his First Amendment right to freedom of religious expression[3] by providing false testimony to obtain a restraining order and (2) his Fifth Amendment due process right by falsely declaring that the restraining order was properly served. *See* Compl. at 7–8. His allegations are wholly conclusory, however, and not entitled to the

[3] I construe the complaint as challenging acts taken by defendants, but to the extent Washington seeks to challenge the restraining order issued by the state court, his claims are barred by the *Rooker-Feldman* doctrine. *See Malberg v. McCracken*, No. 22-CV-01713-EJD, 2023 WL 2769095, at *4 (N.D. Cal. Mar. 31, 2023).

United States District Court
Northern District of California

presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He does not identify the false statements, explain why they were false, or allege facts showing that defendants knew them to be false. Nor does he allege facts showing how service was defective.

Section 1985(3) similarly "is not a source of substantive rights, but instead allows plaintiffs to bring suit against defendants who conspire to violate civil rights protected by other statutes or the Constitution." *Delacruz v. State Bar of California*, No. 16-CV-06858-BLF, 2018 WL 3077750, at *11 (N.D. Cal. Mar. 12, 2018). Washington's "[section] 1985(3) claim is based on the same allegations which are insufficient to state a claim under [section] 1983," which precludes his conspiracy claim. *Id.* Moreover, to state a claim for violation of section 1985, a plaintiff must allege a conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (cleaned up). "A mere allegation of conspiracy," like the one in the complaint, Compl. at 8, "is insufficient to state a claim." *Id.* at 676–77. Washington needs to state specific facts to support the existence of the claimed conspiracy, e.g., which defendants conspired and how they conspired. *See T.L. v. Orange Unified Sch. Dist.*, No. 23-CV-01078, 2024 WL 305387, at *16 (C.D. Cal. Jan. 9, 2024). Accordingly, I DISMISS the complaint with leave to amend.

## III. SERVICE

Before this case can proceed, Washington must also provide addresses for the defendants that are sufficient to permit the service of process by the Marshal. *See Adjaye v. Cook*, No. 23-CV-01234-AGT, 2024 WL 647636, at *3 (N.D. Cal. Feb. 15, 2024). His complaint has been pending for over 10 months. Absent a showing of "good cause," it may be subject to dismissal without prejudice for lack of timely service. *See* Fed. R. Civ. P. 4(m). Within 60 days of the date of this Order, Washington must either effectuate service of the amended complaint on defendants himself or provide the information necessary for the Marshal to effectuate service once I have screened the amended complaint. If service cannot be effected by the Marshal and the complaint has not otherwise been served, this case will be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Washington's complaint is DISMISSED with leave to

amend. He shall file any amended complaint within 60 days of this Order. He must also provide sufficient identifying information for the Marshal to serve defendants by that date or effectuate service himself.

I recognize that Washington is proceeding pro se and recommend that he utilize this Court's resources for unrepresented parties. Parties representing themselves should visit the link titled "If You Don't Have a Lawyer" on the Court's homepage, www.cand.uscourts.gov. The link discusses the Court's "Legal Help Center" for unrepresented parties. The Legal Help Center can be reached at 415-782-8982. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the courthouse at 450 Golden Gate Avenue. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the courthouse at 1301 Clay Street. Appointments are available both in-person or remotely by Zoom or telephone.

**IT IS SO ORDERED.**

Dated: November 16, 2026

William H. Orrick
United States District Judge